Houdier v. Smith let's let everybody yes right counsel yeah may it please the court my name is Jane Myers and I first point that I would like to address is the procedural point and it is mr. Houdier's position that there is no bar to this court's consideration of his claim that he received ineffective assistance of counsel New York CPL section 440 10 to see simply is not the kind of set is not a statute that is firmly established and regularly applied in the situation of mr. Houdier's case where he is claiming that he received ineffective assistance of counsel due to his counsel's failure to investigate toxicological evidence in this particular case and I think that is in fact made the courts have heard ineffectiveness claims on direct appeal where the challenge is the failure to assess forensic evidence indeed Fulton which is the case that raises some question about whether all ineffective assistance claims can be brought on 440 did recognize that the adequacy of counsel's performance could be assessed on direct appeal what am I missing here I think what you're missing here is that it is this particular type of case that where it is a medical question where the on it that is generally considered not conducive but isn't this really quite unlike Fulton Fulton had to deal with off-the-record about plea negotiations and discussions whereas this even you can look at the record of the prosecution and imagine what might have been found that is a record of blood whether that would result in any different course of the trial and given the fact that there were three shots fired I can't really see how the evidence would have been worth in cumulative that mr. Ritchie was a sometimes drug user so isn't this precisely the kind of an effective assistance claim that could be assessed on direct appeal I don't believe that I generally don't believe that it is because let's say you can look at this but you would not come up with same conclusion because there's whether they was deficient performance involved in this can't be assessed from this and whether there was prejudice we have no idea why very obvious action what's what's the most favorable thing that could have happened the most favorable thing that could have happened and was perhaps likely to happen in this case which was not a particularly strong case at all was that the jury would have acquitted my client it was the people's burden to disprove justification and the people's burden to prove my client's guilt there were three shots fired there were three shots fired but the question is whether he was justified in that he my client explained why they went off in rapid succession because he was still frightened of Mr. Ritchie because Mr. Ritchie still had Mr. Hodea in a position of control and he was unable to get out of the car where Mr. Ritchie's testimony was so weak and it was weak because of his checkered past it was weak because he had lied you know any number of times about this case it was weak because Mr. Hodea was the only one who really said what he did there were there wasn't an eyewitness to this crime and it was weak there was evidence in the record that Ritchie was a drug user had smoked cocaine that night so what would this have added what this would have added is in a case which really came down to a credibility contest between two pretty flawed witnesses and where the people have the burden of proof on all things it would have had the have counsel bothered to investigate and come up with the evidence it would in fact have lent something independent that would have corroborated my client's story this was is there any basis in the record for believing that the hospital actually conducted some blood testing or there were samples that were amenable to cases that indicate that samples on clothing can and I'm not sure if I have it in my main belief or in my reply but you know I simply don't remember at this point that the sort of off-the-cuff statement of the of the expert who could submitted the affidavit on behalf of respondent here really stated no basis for saying that you can in fact get reliable results from blood stain in the clothes from nothing in the record is there anything in the record here that suggests that such testing was done or that no but our complaint is that defense counsel who clearly knew that the that the clothing existed it was he apparently did not go through the 2,000 pages of medical records and lickety-split time perhaps and you know find an expert witness when it was clear that many many hospitals wasn't this a matter of strategy I mean there was also some risk in having a test it close it test it negative to me there wasn't and that you know counsel and I respect it says that you know there was a big downside to this and mr. who did our position is that there really was a tremendous upside but virtually no downside because frankly if it had not come out positive for cocaine it would just be another thing that the people you know that worked against my client and but it would have been a big bang if we could show that in fact this guy was a cocaine user it would have fit in dovetail with my client's testimony so I believe for those reasons that in fact that's the approach that would have been consistent with the Strickland standards and I come back to the three shots your client shot Richie three times with a pause in between the shots and no apparent serious risk to his safety once he had rested the gun away from Richie why doesn't that go a long way to dispelling any notion that this any blood testing evidence would have been cumulative and really ineffective in establishing prejudice certainly I because my client also testified and it was their burden to disprove that he did not feel he was in a safe position he was still frightened when and did not have himself entirely outside of the car and was unable to get himself out of the car this was a rapidly moving fluid situation where the only thing that is clear is that my client at some point had the gun that had he he testified had been pointed at him and at some point in some manner got off a few shots but it did not mean that the multiple shots that were separated by a short period of time that he was in a position to reasonably know that he was more safe than he had been showing that there was drugs in mr. Richie's system would change the result how the it will it had a possibility given the weakness a reasonable possibility of a different verdict in view of the weakness of the overall a credibility match overall case it's a credibility match between two flawed witnesses with not much to support either side and in that kind of case it could have made all the difference and counsel cannot justify his lap lack of action on it for in any particular way because if you're not going to investigate your decision is only reasonable constitutionally to the extent that there was a particular reason you didn't do it and he has and so I'm arguing essentially that my client has in fact met the burden both on the procedural and on the substantive issues thank you very much you're welcome good morning your honors may it please the court my name is Lisa Denig I'm from the Westchester County District Attorney's Office representing the respondent in this matter I'm gonna sort of work backwards because I want to pick up right where you left off with the reasonable probability standard that's on the merits application of the merits claim here and first of all a claim on the merits as this court I know is well aware has the doubly deferential standard of reviewing that state court decision both because of they get the benefit of the doubt but of the trial judge but also of the ineffective assistance claim benefit to the to the trial attorney in in this particular case there is no way that we can show any prejudice if we're going to work backwards as I said there is no probability no reasonable probability that the outcome of this proceedings would have been different had this had this actually been done as counsel has noted this is a this was a credibility contest and to the point of Judge Carney on the physical evidence the physical evidence in no way supports the petitioner's testimony which is the only evidence in the record of this idea that the complainant was in a drug induced rage the three shots that were fired or the three shell casings were found outside of the car petitioner's testimony states that one shot went off inside the car as they struggled for the gun the petitioner claimed that the complainant had smoked crack cocaine while they were driving from a glass pipe was ever found anywhere inside the car so the physical evidence doesn't doesn't support his testimony at all his his actions after is that precisely because he didn't have any other way to prove it getting the blood test would have been the only way to prove it I mean so so I'm not sure that that necessarily all cuts in your favor what the evidence didn't show okay petitioner's testimony is also completely unsupported by his actions after the crime if he had actually been involved in this self-defense as he claims he would not have fled the jurisdiction disposed of the gun abandoned his apartment sold his car changed his cell phone he claimed he never knew the cops were looking for him he never returned to his apartment or his girlfriend's apartment and his testimony most pivotably his testimony at trial was that the complainant became enraged when he refused to continue in this drug business situation that they had he would refuse to deliver the envelopes as he said never in his testimony at trial did he make the claim that he was acting in self-defense because of some drug induced rage that the complainant was in so this this besides being cumulative this actually would be completely immaterial to whether his testimony was was true or not at trial as as counsel wants to say would have bolstered his credibility it also again as noted a negative result would have been devastating to his credibility because that would have been really the the linchpin to show that his story was completely unbelievable in that way as judge chin has said trial counsel made the strategic decision to protect the credibility of his clients in that he didn't do this testing if it had come up negative he would have completely lost his entire story back to the procedural bar issue this was definitely a matter of record that should that could have been easily just seen from the record first of all because it was clearly a legitimate a legitimate strategic reason for his failure to act that can be seen by all of the actions of the trial attorney in his record again he this was not his defense this is this is a claim made in hindsight could you could you speak more generally though about the appropriateness of raising on direct review and effective assistance claims because it looks to me having looked at a lot of these decisions that the appellate division has been kind of this sometimes saying that really collateral review is better and other times saying direct review and it seems to me that a defendant is put in a very difficult position about knowing how to preserve those claims and where where exactly to go and you know we defer to the procedural rulings of the state court but only when they're consistently applied so I'm having a little difficulty here understanding why we should do so here okay um the I agree with you the the range of decisions on ineffective assistance of counsel on whether it can be on the record or off the record certainly has a wide spectrum and we have on the one end claims of failure to object or things that are clearly inside the courtroom and based on those and on the other end the failure to investigate and interview witnesses outside and to prepare and that sort of thing which is clearly off the record this one I would agree leans towards the middle but what I want to make very clear is that the certificate of appeal ability in this case does not term this as a failure to investigate although counsel uses that term consistently this is a failure to obtain and test the blood samples and the bloody clothing that is something that him that has to be done on the record there was no investigation necessary because the bloody clothing was only do we know for sure that counsel did not I mean is there any way of looking at the record and determining whether he did investigate maybe he found he got bad results and chose not to pursue that I mean I don't think so because in order for well at least for the testing of the bloody clothing he would have had to have made a motion to get that clothing so he couldn't have done that other than on the record and that would have been on notice to the prosecution we would have had notice of that what about going to the hospital he would have had to have obtained a subpoena in order to get those records that has to go through the court as well so there would absolutely have been record material involved with whether he had done that or not so certainly he did not do that and find out otherwise a deficiency in in his record simply because he decides or he doesn't remember to do those does not make this a matter outside the record the the 440 decision shows also that the petitioner failed to show any aberrant behavior by the complainant by the complainant who that would have justified even getting some sort of subpoena or justify the testing of the bloody clothing there would have had to be something in the record that showed aberrant behavior that was that warranted a forceful response so the prosecution is arguing that you wouldn't have even got if he had made those applications they would have never been granted there was no basis in the record to grant that type of application there was no testimony or evidence of the complainant being in some sort of drug rage other than the petitioner saying that he was paranoid that's the only quote we have from him that he acted paranoid council also ably crossed just come back for a minute what is it that makes this case appropriate for review on direct appeal as opposed to in the 440 first of all I think because the legitimate trial strategy of the trial counsel is is is obvious from the entire record he was going with his petition with petitioners testimony that the complainant had become enraged when he wouldn't deliver an envelope he went with that testimony all the way through that was the basis of his justification defense also as noted before there is no record of him making those motions that are necessary and that that may that is a matter of record the failure to make a motion has always been considered by 440 courts as a matter of record so it's not if you can't look at it is what was not done becomes a matter outside the record the failure to make the motion in the appropriate case or in the appropriate course right here makes it a matter of record that's what you would say there would be no need for any additional fact-finding that would be appropriate in the club there is no need for additional fact-finding in this case it's clear the strat the strategic reasons for his failure to do this as well as the absence of any motion that was necessary in order to get that material would clearly show that this was a matter of record finally just in closing this is a purely speculative claim there is no evidence that blood samples even existed I know you touched on that before council herself came to our office and reviewed the stacks of medical records and yet she has not made any mention of blood samples that might have been available there's no idea if the outcome of the testing would have been advantageous to the petitioner this it's not hospital records they draw blood when he was in the hospital and did the blood work show whether he was had ingested any kind of substances I would have thought that admitted to the hospital they would have drawn blood and that there would have been a blood work they do do blood testing and in the medical records it does show that there was blood testing there is nothing that that wouldn't be part of the normal test to in order to know whether you were treating someone who who had taken some kind of substance I I can't say if that is in the normal course of what's tested for I know in these particular records we could not find any evidence of it thank you very much thank you it's our position that you honestly could not have decided this on the things that we know about the medical records at this point is that council didn't have a chance to look at them or chose not and that chose not to ask for a continuance to further look at them they got 2,000 pages of records and I'm familiar with this because I did go up to the Westchester County DA's office in an effort to see what though they said and council was even informed the court that he was having difficulty getting through the record so well it might have been a matter of record as to whether or not he sought to test the bloody clothing we really don't know what any of the reasoning behind his not looking through the records thoroughly for the medical records thoroughly and it's just not the adequate kind of counsel you can't determine this case simply by looking at the records is your client not able to get his records from the hospital my client tried in fact there are a number of references to this in the record when he was attempting to retain a lawyer Andrea Hirsch to continue this she wrote a letter to the court indicating to the 440 court indicating that mr. Houdia had in fact made tremendous efforts to get them and I will say from my own conversations with him this Hirsch's view was correct on this the medical records he was apparently not able to get make despite his records I do not know the full reasoning you know whether they were simply not sent to him in prison whether they didn't feel like duplicating 2,000 pages or he didn't have the money to obtain 2,000 pages of record there could be a myriad of reasons for this and to the extent that the courts are inconsistent on the issue of what has to be what is on the record what isn't on the record the area in which they are the most consistent is a failure to fully investigate a claim so that you can develop a defense on behalf of a client thank you thank you all right we'll take the case under advisement